IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01655-LTB

(Removal from Montrose County District Court, Case No. 2014CO30681)

CITIBANK, N.A. as Trustee for WaMu Asset-Backed Certificates, WaMu Series 2007-HE3,

    Plaintiff,

v.

GARY R. WILLIAMS,
PEGGY E. WILLIAMS, and
ANY AND ALL OTHER OCCUPANTS CLAIMING INTEREST UNDER THE DEFENDANTS,

    Defendants.

---

## ORDER FOR SUMMARY REMAND

---

Defendants have filed a *pro se* a "Notice of Removal" (ECF No. 1) and an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) (ECF No. 3).  Defendants seek to remove to this Court a forcible entry and unlawful detainer action filed against them on November 24, 2014 in Montrose County District Court, Colorado Civil Action No. 2014CO30681 ("the Detainer Action").

The Court must construe the notice of removal liberally because Defendants are not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, this action will be summarily remanded to the state court.

"Under 28 U.S.C. § 1441 a defendant in state court may remove the case to

federal court when a federal court would have had jurisdiction if the case had been filed there originally." *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). "The removing party has the burden to demonstrate the appropriateness of removal from state to federal court." *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005). Pursuant to 28 U.S.C. § 1446(a), a notice of removal must include "a short and plain statement of the grounds for removal."

Here, Defendants seek to remove the Detainer Action to federal court because they allegedly have been "denied access to the court and an opportunity to defend the action" and thus, "Defendants' constitutional rights have been violated, including but not limited to due process of law and the 4th and 14th Amendments." (ECF No. 1 at 2).

The Court initially notes that Defendants have not complied with the procedural requirements for removing the Detainer Action to this Court because Defendants have not filed copies of "all process, pleadings, and orders" served on them in the state court action as required pursuant to § 1446(a).

Second, with respect to the jurisdiction question, Defendants attempt to remove from the state court the Detainer Action pursuant to 28 U.S.C. § 1446. Defendants allege that the state court proceedings have violated their federal constitutional rights. However, § 1446 merely provides the procedures that are applicable in removal actions. As a result, a brief reference to § 1446 does not provide the Court with jurisdiction to remove the instant Detainer Action.

Title 28 U.S.C. § 1443 authorizes the removal to federal court of certain civil rights cases. However, the two requirements for removal under § 1443(1) are narrow and well-defined. *See Davis v. Glanton*, 107 F.3d 1044, 1045 (3d Cir. 1997). "First, it

2

must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "A state court defendant's claim that 'prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination' is insufficient for removal." *Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (quoting *Johnson*, 421 U.S. at 219)). Defendants do not allege that they have been denied any rights based on their race.

"Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" *Johnson*, 421 U.S. at 219 (quoting 28 U.S.C. § 1443(1)). The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood, Miss., v. Peacock*, 384 U.S. 808, 828 (1966). This requirement must be supported by specific factual allegations. *See generally* 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728 (2d ed. 1985). Defendants failed to provide the Court with specific factual allegations regarding their inability to enforce their constitutional rights in the state court proceedings. Therefore, removal pursuant to § 1443(1) is not appropriate.

3

Removal pursuant to 28 U.S.C. § 1443(2) also is not appropriate. Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood*, 384 U.S. at 824. Defendants do not allege that they are either federal officers or persons assisting a federal officer in the performance of official duties providing for equal civil rights. Therefore, because it clearly appears on the face of the Notice of Removal and attached exhibits that removal of this action should not be permitted, the action will be remanded summarily to the state court pursuant to 28 U.S.C. § 1446(c)(4).

Finally, the Court takes judicial notice that this is not the first instance in which Defendants filed a groundless action that has been summarily remanded to the state court. Through two prior actions in this Court, Defendants have demonstrated a pattern of litigation that borders on malicious. *See Citibank v. Williams*, 14-cv-3314-PAB (D. Colo. Dec. 8, 2014) (summarily remanded to Montrose County District Court); *Citibank v. Williams,* 15-cv-1094-LTB (D. Colo. May 26, 2015) (summarily remanded to Montrose County District Court).

Defendants are warned that the Court has the power to enjoin litigants who abuse the judicial system. *See Tripati v. Beaman*, 878 F.2d 351 (10th Cir. 1989). Sanctions may be imposed under Fed. R. Civ. P. 11, even against a *pro se* plaintiff, if a pleading or other paper is not "well grounded in fact and . . . warranted by existing law." A pattern of groundless and vexatious litigation will justify an order enjoining a litigant from filing any claims without first seeking prior leave of the court. *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992); *Winslow v. Romer*, 759 F. Supp. 670, 677-78

(D. Colo. 1991). Defendants have the right to oppose, in writing, the imposition of future restrictions. *See Tripati*, 878 F.2d at 354. Defendants are instructed that if they continue to remove the state court Detainer Action to this Court without grounds or jurisdictional basis for removal, the Court will subject them to sanctions, including monetary sanctions and injunctions from filing vexatious and repetitive pleadings. Accordingly, it is

    ORDERED that the case is REMANDED to the District Court for the County of Montrose, Colorado, where it was initially filed as Case No. 14CO30681. It is

    FURTHER ORDERED that the Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) (ECF No. 3) is DENIED.

    DATED at Denver, Colorado, this  5th  day of   August  , 2015.

                      BY THE COURT:

                      s/Lewis T. Babcock
                      LEWIS T. BABCOCK, Senior Judge
                      United States District Court